```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                           CHARLESTON

REMICHAE MATHENY,

        Plaintiff,

v.                                      CASE NO. 2:09-cv-00779

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
```

## M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge. Neither party has filed a brief in support of their respective positions.

Plaintiff, Remichae Matheny (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on January 18, 2008, alleging disability as of October 15, 1996, due to hypothyroidism, tempomandibular joint disorder, rheumatoid arthritis, hiatal hernia, and headaches. (Tr. at 10, 114-18, 119-26, 160-69, 206-12, 231-38.) The claims were denied initially and upon reconsideration. (Tr. at 10, 52-56, 57-61, 67-69, 70-73.) On

October 28, 2008, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 73-77.) The hearing was held on January 20, 2009 before the Honorable Ronald L. Chapman. (Tr. at 22-47, 85-89, 90-94.) By decision dated February 10, 2009, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 10-21.) The ALJ's decision became the final decision of the Commissioner on May 29, 2009, when the Appeals Council denied Claimant's request for review. (Tr. at 1-3.) On July 7, 2009, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2002). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful

employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2002). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 12.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of arthralgias, degenerative lumbar disc disease, hypothyroidism, and obesity. (Tr. at 12-14.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 14-15.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations. (Tr. at 15-21.) As a result, Claimant can return to her past relevant work. (Tr. at 21.) The ALJ concluded that Claimant could perform past relevant jobs such as cashier which exist in significant numbers in the national economy. (Tr. at 21.) On this basis, benefits were denied. (Tr. at 21.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was 36 years old at the time of the administrative hearing. (Tr. at 26.) She has a high school education and completed a six-week training course at a vocational school to become a certified nursing assistant ["CNA"]. (Tr. at 27.) In the past, she worked as a CNA, hotel housekeeper, restaurant cashier, and retail store cashier. (Tr. at 27-28.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will summarize it below.

Physical Evidence

Records indicate Claimant was treated nine times at New River Health Associates from February 26, 2000 to September 17, 2008 for

5

a viral upper respiratory infection with conjunctivitis, hypothyroidism, rheumatoid arthritis, and tension headaches . (Tr. at 304-14.) The office visits included lab work, back [degenerative lumbar disc disease] and abdominal (term pregnancy/breach position) x-rays. (Tr. at 315-60.)

On August 14, 2006, Claimant was treated at Clay County Primary Health Care for complaints of joint pain for three days. She was diagnosed with bilateral ascending arthralgia. (Tr. at 243.) On August 22, 2006, Claimant returned to the clinic for follow-up and was prescribed prednisone. (Tr. at 242.)

On May 6, 2008, a State agency medical source completed a consultative examination report for the West Virginia Disability Determination Service. (Tr. at 244-53.) Serafino S. Maducdoc, Jr., M.D. performed a complete physical examination of Claimant and diagnosed rheumatoid arthritis. (Tr. at 247.)

On May 13, 2008, a State agency medical source completed a Physical Residual Functional Capacity Assessment and opined that Claimant could perform light work with the ability to do all postural limitations occasionally, and without any manipulative, visual, or communicative limitations; environmental was unlimited with the exception of avoiding extreme cold, vibration and hazards. (Tr. at 254-61.) The evaluator, Marcel Lambrechts, M.D. noted that Claimant had a primary diagnosis of "Arthralgias, ?R.A. [rheumatoid arthritis] not proven." (Tr. at 254.) He concluded:

> This claimant has a diagnosis of R.A. [rheumatoid arthritis] but is not on Rx [prescription medication] for it. She c/o arthralgias and that is credible. She claims pain in neck, shoulders, hips and knees. She is on Rx for pain only but is not on thyroid as far as I know. She mentions TMJ [temporomandibular joint] but we have no details about it. At her age and with all these symptoms I would suspect something like fibromyalgia. I believe that she has pain and that so far she has not been diagnosed yet. Based on her ADLs [activities of daily living] I believe that she should be limited to reduced activities. RFC [residual functional capacity] is reduced accordingly.

(Tr. at 259.)

In a second Physical Residual Functional Capacity Assessment of the same date, May 13, 2008, Dr. Lambrechts concluded that there was insufficient evidence to make a primary diagnosis. (Tr. at 262.) He further concluded that "[t]here is insufficient evidence in file to assess prior to DLI [date last insured] of 9/30/00." (Tr. at 262-69.)

On September 27, 2008, a State agency medical source completed a Physical Residual Functional Capacity Assessment ["PRFCA"] and opined that Claimant could perform medium work with the ability to climb, crouch and crawl occasionally, and balance, stoop, and kneel frequently. (Tr. at 362-63.) The evaluator, Caroline Williams, M.D., found Claimant had no manipulative, visual, or communicative limitations. (Tr. at 364-65.) Claimant's environmental limitations were unlimited with the exception of avoiding vibration and hazards. (Tr. at 365.) Dr. Williams noted:

> Claimant's allegations are not totally credible in that the alleged symptoms and subsequent disability are

> disproportionate to the medical evidence found in the file. MER [medical evidence of record] does not support presence of significant physical impairment limitations as per ADL [activities of daily living] nor conditions/findings that meet listing level severity using SSA [Social Security Administration] criteria and therefore, RFC [residual functional capacity] reduced to medium exertional.

(Tr. at 366.)

On September 29, 2008, Caroline Williams, M.D., internal medicine, provided a Medical Evaluation/Case Analysis: "File reviewed... Unable to judicate case secondary to insufficient evidence to properly assess severity of Claimant's allegations for time period AOD [alleged onset of disability] = 10/15/96 to DLI [date last insured] = 09/30/00. Therefore, RFC [residual functional capacity] of 05/14/08 affirmed as written." (Tr. at 370.)

On January 6, 2009, progress notes from Jamie Settle, PA-C [physician's assistant certified], New River Health Association, indicate Claimant "continues to have problems with her arthritis...in no acute distress... Impression: Rheumatoid arthritis, fibromyalgia, Hypothyroidism, Insomnia." (Tr. at 371.)

Psychiatric Evidence

On May 26, 2008, a State agency medical source completed a consultative examination report for the West Virginia Disability Determination Service. (Tr. at 270-75.) Based on her clinical interview and mental status examination of Claimant, the evaluator, Sunny S. Bell, M.A., licensed psychologist, made no diagnosis. She

8

stated that Claimant "denied serious psychiatric problems" and had daily activities, social functioning, concentration, pace, persistence, within normal limits. (Tr. at 273.)

On June 7, 2008, a State agency medical source completed a Psychiatric Review Technique form ["PRTF"]. (Tr. at 276-89.) The evaluator, John Todd, Ph. D., licensed psychologist, found Claimant had no medically determinable psychiatric impairment for the disability insurance portion of this case. (Tr. at 276.) He concluded:

> Clmt [claimant] is partially credible w/ [with] no present TX/meds [treatment/medications] for psych [psychology] problems through meds in 2001. No psych diag [diagnosis] was given at psych CE [consultative examination]. Clmt performs a wide range of daily activities including self and child care, cooks, cleans, drives, shops, manages finances, reads, plays w/ children. There is no evidence of significant limitations due to a mental D/O. NO MEDICALLY DETERMINABLE IMPAIRMENT.

(Tr. at 288.)

In a second Psychiatric Review Technique form ("PRTF") of the same date, June 7, 2008, Dr. Todd concluded that there was insufficient evidence for the time period of October 15, 1996 to September 30, 2000 to make a determination. (Tr. at 290-303.) He found: "There is no MER [medical evidence of record] for this time period." (Tr. at 302.)

On September 27, 2008, James Binder, M.D., psychiatrist, provided a Medical Evaluation/Case Analysis: "I have reviewed all the evidence in file and the 6/7/06 (sic) PRTF (current) and the

9

6/7/08 PRTF with a DLI of 9/30/00 and hereby affirmed as written." (Tr. at 369.)

Analysis

The court finds that the ALJ's decision dated February 10, 2009, is supported by substantial evidence. In his decision, the ALJ determined that Claimant suffered from the severe impairments of arthralgias, degenerative lumbar disc disease, hypothyroidism, and obesity that limited Claimant to light work, reduced by an ability to only occasionally climb ramps or stairs, occasionally balance, kneel, crouch, or crawl, never climb ladders, ropes, or scaffolds, and a need to avoid concentrated exposure to temperature extremes and hazards. (Tr. at 12, 15.)

The ALJ concluded that Claimant did not suffer a severe mental impairment. (Tr. at 14.) The ALJ's decision is in keeping with the regulations related to the evaluation of mental impairments and is supported by substantial evidence. 20 C.F.R. §§ 404.1520a, §416.1520a (2007). Notably, while Claimant alleges depression and anxiety, on May 26, 2008, the claimant underwent a psychological examination by a licensed psychologist who found no diagnosis for depression and anxiety. (Tr. at 270-75.) In addition, the State agency medical source opined that Claimant had no medically determinable psychiatric impairment. (Tr. at 276-89.)

The ALJ's findings about Claimant's physical impairments and their resulting limitations also are supported by substantial

evidence. As the summarized evidence of record indicates, Claimant's physical condition was not disabling. The substantial evidence of record supports a finding that Claimant did not meet the requirements for disability, and, instead, could return to her previous work as a cashier. (Tr. at 21.)

The court further finds that the ALJ's pain and credibility findings are consistent with the applicable regulation, case law and social security ruling ("SSR") and are supported by substantial evidence. 20 C.F.R. §§ 404.1529(b), 416.1529(b) (2007; SSR 96-7p, 1996 WL 374186 (July 2, 1996); Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). The ALJ's decision contains a thorough consideration of Claimant's daily activities, the location, duration, frequency, and intensity of Claimant's pain, precipitating and aggravating factors and Claimant's medication, and he ultimately determined that Claimant was not entirely credible. (Tr. at 15-21.)

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED** from the docket of this court.

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: May 20, 2010

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge